IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WILLIAM COSBY, SR.,**

      **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

      **Respondent.**

**Civil No. 19-CV-00878-NJR**

**Criminal No. 16-CR-30119-NJR-1**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Petitioner William Cosby's ("Cosby") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the reasons set forth below, Cosby's motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

Cosby was indicted on Sept. 30, 2016 on the following counts:

(1) Possessing a gun as a felon, 18 U.S.C. § 922(g)(1);

(2) Possessing crack cocaine with intent to distribute it, 21 U.S.C. § 841(a)(1);

(3) Carrying a gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).

*United States v. Cosby*, 16-cr-30119-NJR-1 (S.D. Ill.) at Doc. 1.

Cosby pleaded guilty to all three counts and was sentenced to a total term of 180 months' imprisonment as to Counts 1, 2, and 3, with six years of supervised release and a special assessment of $300. *Id.* at Doc. 32, 59. He appealed his sentence to the Seventh

Circuit, which affirmed this Court's judgment. *Id.* at Doc. 82-1. On August 12, 2019, he brought this action seeking collateral review of his sentence under 28 U.S.C. § 2255, arguing that his sentence should be reconsidered in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

## LEGAL STANDARD

An action brought under 28 U.S.C. § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013); *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States,* 371 F.3d 900, 902 (7th Cir. 2004).

"[A]n evidentiary hearing is not warranted for every § 2255 petition." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (citing *Key v. United States*, 806 F.2d 133 (7th Cir. 1986)). "Pursuant to § 2255, the district court has discretion to deny an evidentiary hearing where the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).

## ANALYSIS

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court reviewed a

conviction under 18 U.S.C. § 924(c), a provision which provides enhanced penalties for the use of a firearm in conjunction with one of a number of potential "predicate" offenses. That case specifically dealt with the so-called "residual" definition of the term "crime of violence," which is one of the potential bases for a crime to qualify as a predicate offense for the application of 18 U.S.C. § 924(c). *Id.* The majority in *Davis* found the residual definition, contained in 18 U.S.C. § 924(c)(3)(b), to be unconstitutionally vague, but their holding did not affect other potential definitions of a predicate offense under 18 U.S.C. § 924(c)(3)(b), such as that of a "drug trafficking crime" contained at 18 U.S.C. § 924(c)(2). *Id.*

Cosby's arguments regarding the Supreme Court's decision in *Davis* are unpersuasive. Because his conviction under 18 U.S.C.§ 924(c) was based on a predicate "drug-trafficking crime," rather than a "crime of violence," it is unaffected by the Supreme Court's holding regarding the residual definition of a "crime of violence," and his motion has no merit.

## CONCLUSION

For the reasons set forth above, the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1), is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  May 13, 2020**

*/s/ Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**