IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM COSBY, SR.,**<br><br>     Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>     Respondent. | **Civil No. 19-CV-00878-NJR**<br><br>**Criminal No. 16-CR-30119-NJR-1** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Reconsideration (Doc. 10) filed by Petitioner William Cosby, Sr. ("Cosby"). For the reasons set forth below, the Motion for Reconsideration is denied.

Cosby brought this action under 28 U.S.C. § 2255 on August 12, 2019, seeking collateral review of his sentence in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and making various claims of ineffective assistance by his appellate counsel. This Court rejected his argument regarding *Davis*, noting his conviction under 18 U.S.C.§ 924(c) was based on a predicate "drug-trafficking crime," rather than a "crime of violence," and thus was unaffected by the Supreme Court's holding regarding the residual definition of a "crime of violence" (Doc. 10).

Cosby cites Federal Rule of Civil Procedure 59(e), which allows a Court to alter or amend a judgment for either (1) a manifest error of law or fact or (2) newly discovered evidence. More broadly, outside the narrow relief offered by Rule 59(e), a motion for reconsideration may be appropriate where the court has misunderstood a party, made a

decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

Even under this broader standard for a motion for reconsideration, Cosby's arguments are insufficient. Cosby first notes that the Court did not wait for the United States to respond to his motion. The Court, however, was under no obligation to wait for a response where it had determined that there was no legal basis for Cosby's motion. Cosby again states that the Court should apply *Davis* to his case, stating that the Court "failed to even consider that 18 U.S.C. Section 924(c)(1)(A) is based on a crime of violence" (Doc. 10 at 2). Section 924(c)(1)(A) creates a separate offense for a person who uses or carries a firearm "in relation to any crime of violence or drug trafficking crime[.]" If Cosby had been sentenced for possessing a firearm in relation to a "crime of violence" under Section 924(c)(1)(A), then it is possible that *Davis* might have been applicable. But Cosby was sentenced for carrying a firearm in furtherance of a "drug trafficking crime," which though still punishable under Section 924(c)(1)(A) constitutes a separate class of offenses from "crimes of violence." The definition of a "drug trafficking crime" was not affected by the Supreme Court's holding in *Davis*, and reconsideration is not warranted.

Lastly, Cosby states that the Court did not sufficiently address the arguments that he raised regarding ineffective assistance of appellate counsel. Cosby's arguments regarding ineffective assistance of counsel appear on their face to lack legal merit. Noting that the discussion in its earlier order dealt largely with *Davis*, however, and considering

that Cosby is a *pro se* filer, the Court will revisit its earlier decision to explain its rejection of Cosby's arguments on ineffective assistance of counsel.

Under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed in showing ineffective assistance of counsel a defendant must prove that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 688 at 669. "A court does not have to analyze both prongs of the *Strickland* test" because "[a] defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F. 3d 530, 533 (7th Cir. 1993) (citation omitted).

In his initial petition, Cosby claimed that his appellate counsel was ineffective because while appellate counsel raised the issue of the lower court's consideration of acquitted conduct, appellate counsel "failed to show that the acquitted conduct was not relevant to the conviction." In other words, while Cosby notes that his counsel did raise the consideration of acquitted conduct on appeal, he objects to the way in which his counsel presented this argument, and he objects to the outcome of the argument. The order of the Seventh Circuit denying Cosby's appeal indicates that in considered in full the circumstances under which the lower court considered his prior acquitted conduct, finding that Cosby "misconstrue[d] what the court did" and finding that "uncontested details influenced the court's analysis." *United States v. Cosby*, 746 F. App'x 556, 558-59 (7th Cir. 2018). Overall, the Seventh Circuit approved of this Court's consideration of acquitted conduct, and it appears unlikely that the outcome of the proceeding would

have been any different had appellate counsel. Furthermore, there is no indication that arguments specifically regarding the relevance of the unindicted conduct would have been likely to succeed, and appellate counsel's conduct does not appear to have fallen below an objective standard of reasonableness.

The same can be said of appellate counsel's conduct in not presenting arguments regarding *United States v. Rehaif*, 139 S. Ct. 914 (2019). In *Rehaif*, the Supreme Court held that the knowledge element of 18 U.S.C. § 922(g) applies to both the felon status of a defendant and the defendant's possession of a firearm. While Cosby argues that the holding of *Rehaif* applies to his case, Cosby entered a guilty plea. Where a defendant has entered a guilty plea and seeks to attack it on the basis of *Rehaif*, the Seventh Circuit has held that a defendant must show that he would have had a "'plausible ignorance defense,' meaning a jury might believe, despite prior felony convictions, that the defendant was ignorant of his sentencing exposure." *United States v. Payne*, 2020 U.S. App. LEXIS 21149 at *5-6 (7th Cir. July 20, 2020) (quoting *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020)). In this case, as in *Payne*, Cosby has numerous prior felony convictions. Indeed, this is not even Cosby's first conviction for possessing a firearm as a felon. Accordingly, it would have been implausible and frivolous to argue that Cosby was unaware of his felon status. Cosby's appellate counsel was not unreasonable in declining to advance such an argument on appeal, and Cosby's appeal would have gone no differently had such an argument been made.

Accordingly, the Court concluded that Cosby's arguments concerning both *Davis* and ineffective assistance of counsel were unavailing. Cosby has advanced no new

evidence or rule of law supporting these arguments in his Motion for Reconsideration.

For these reasons, the Motion for Reconsideration (Doc. 10) filed by Petitioner William Cosby is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** July 23, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**